UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SIMPLEHUMAN, LLC,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>ITOUCHLESS HOUSEWARES AND PRODUCTS, INC.,<br><br>　　　　Defendant. | Case No. 19-cv-02701-HSG<br><br>**ORDER DENYING DEFENDANT'S MOTION TO DISMISS DESIGN PATENT CLAIMS**<br><br>Re: Dkt. No. 24 |

Pending before the Court is Defendant iTouchless Housewares and Products, Inc.'s motion to dismiss Plaintiff simplehuman, LLC's design patent infringement claims stated in the amended complaint. Dkt No. 24 ("Mot."). The Court finds this matter appropriate for disposition without oral argument and the matter is deemed submitted. *See* Civil L.R. 7-1(b). After carefully reviewing and considering the parties' arguments, the Court **DENIES** Defendant's motion to dismiss.

**I.　BACKGROUND**

simplehuman, LLC ("simplehuman") manufactures and sells "highly stylistic and distinctive trash cans." Dkt. No. 19 ("FAC") ¶ 7. iTouchless Housewares and Products, Inc. ("iTouchless") sells trash cans, including the Dual-Deodorizer Oval Open-Top trash can and the Dual-Compartment Open Top Trash and Recycle Can. *Id*. ¶¶ 15-16. simplehuman brings this lawsuit alleging that iTouchless infringes its patents. Specifically, simplehuman alleges that iTouchless infringes two design patents, U.S. Design Patent Nos. D644,807 C1 ("D807 Patent") and D729,485 S ("D485 Patent") (collectively, "Asserted Design Patents"), as well as utility patent U.S. Patent No. 6,626,316. *Id*. ¶¶ 19, 27-28.

The D807 Patent is titled "Slim Open Trash Can." FAC, Ex. 1. simplehuman accuses the Dual-Deodorizer Oval Open-Top trash can of infringing this patent. FAC ¶ 14. Shown below is simplehuman's comparison of the accused trash can to the D807 Patent design. *Id.* at 8.



The D485 Patent is titled "Dual Recycler." FAC, Ex. 2. simplehuman accuses the Dual-Compartment Open Top Trash and Recycle Can of infringing this patent. FAC ¶ 16. Shown below is simplehuman's comparison of the accused trash can to the D485 design. *Id.* at 11.



U.S. Patent No. 6,626,316 describes an improved trash can assembly. FAC ¶ 17. simplehuman accuses the AirStep trash can of infringing this patent. *Id.* ¶ 18. iTouchless moves to dismiss simplehuman's claims for infringement of the D807 and D485 Patents only.

## II. LEGAL STANDARD

### A. Federal Rule of Civil Procedure 12(b)(6)

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint must contain sufficient factual matter to state a claim for relief that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim has facial plausibility "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003). To evaluate plausibility, a court must "accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). However, a court "need not accept as true conclusory allegations that are contradicted by documents referred to in the complaint."[1] *Id.*

A court may consider documents outside the pleadings on a motion to dismiss if they are subject to judicial notice or if they are integral to the plaintiff's claims and their authenticity is not disputed. *Parrino v. FHP, Inc.*, 146 F.3d 699, 705-06 (9th Cir. 1998), *superseded by statute on other grounds as stated in Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 681 (9th Cir. 2006). Accordingly, a court may consider the patents attached to a complaint and the undisputedly authentic photographs of the accused products. *See Performance Designed Prods. V. Mad Catz, Inc.*, No. 16-cv-629-GPC (RBB), 2016 WL 3552063, at *4 n.2 (S.D. Cal. June 29, 2016). A court may also take judicial notice of the prosecution history and prior art of a patent. *Hoganas AB v. Dresser Indus., Inc.*, 9 F.3d 948, 954 n.27 (Fed. Cir. 1993); *Colt Int'l Clothing Inc.*

---

[1] simplehuman argues that its complaint is governed by the pleading standard set out in *Hall v. Bed Bath & Beyond, Inc.*, 705 F.3d 1357, 1362 (Fed. Cir. 2013). *Hall* was decided prior to the abrogation of Form 18, which simplified the requirements for pleading a patent infringement claim. *See Atlas IP LLC v. Pac. Gas & Elec. Co.*, No. 15-cv-05469, 2016 WL 179545, at *5 (N.D. Cal. Mar. 9, 2016). Accordingly, simplehuman must satisfy the *Iqbal* plausibility standard regardless of whether it satisfies the *Hall* standard. *Id.*

3

*v. Quasar Science, LLC*, 304 F. Supp. 3d 891, 892 (C.D. Cal. 2018).

### B. Design Patent Infringement

A design patent protects "any new, original and ornamental design for an article of manufacture." 35 U.S.C. § 171(a). Unlike a utility patent, a design patent is "directed to the appearance of an article," as opposed to its functionality. *L.A. Gear, Inc. v. Thom McAn Show Co.*, 988 F.2d 1117, 1123 (Fed. Cir. 1993). A design patent is "typically claimed as shown in drawings" and has "almost no scope beyond the precise images shown in the drawings." *MRC Innovations, Inc. v. Hunter Mfg., LLP*, 747 F.3d 1326, 133 n.1 (Fed. Cir. 2014); *Crocs, Inc. v. Int'l Trade Comm'n*, 598 F.3d 1294, 1303 (Fed. Cir. 2010) (citations omitted).

To evaluate infringement of a design patent, the court applies the "ordinary observer" test. *Crocs*, 598 F.3d at 1303 (citing *Egyptian Goddess, Inc. v. Swisa, Inc.*, 543 F.3d 665, 681 (Fed. Cir. 2008) (en banc)). That test asks whether "an ordinary observer, familiar with the prior art designs, would be deceived into believing that the accused product is the same as the patented design." *Id*. Specifically, infringement occurs if an ordinary observer, "giving such attention as a purchaser usually gives," would find that two designs are "substantially the same," such that the resemblance would induce the observer to purchase the accused product believing it to be the patented design. *Ethicon Endo-Surgery, Inc. v. Covidien, Inc.*, 796 F.3d 1312, 1335 (Fed. Cir. 2015).

Differences in design must be evaluated in the context of the design "as a whole," rather than in isolation. *Id*. "An element-by-element comparison, untethered from application of the ordinary observer inquiry to the overall design, is procedural error." *Id*. (citing *Amini Innovation Corp. v. Anthony Cal., Inc.*, 439 F.3d 1365, 1372 (Fed. Cir. 2006)). Moreover, "minor differences between a patented design and an accused article's design, cannot, and shall not, prevent a finding of infringement." *Crocs*, 598 F.3d at 1303. However, "the attention of the hypothetical ordinary observer may be drawn to those aspects of the claimed design that differ from the prior art." *Id*. Thus, "[i]f the claimed design is close to the prior art designs, small differences between the accused design and the claimed design assume more importance in the eye of the hypothetical ordinary observer." *Id*.

Because design patent infringement presents a question of fact, dismissal is generally

4

inappropriate unless "the claimed design and accused product are so plainly dissimilar that it is implausible that an ordinary observer would confuse them." *Five Star Gourmet Foods, Inc. v. Ready Pac Foods, Inc.*, No. 5:18-cv-2436 DDP (KKx), 2019 WL 1260634, at *3 (C.D. Cal. Mar. 18, 2019); *Enerlites, Inc. v.Century Produs. Inc.*, No. SACV 18-839 JVS (KESx), 2018 WL 4859947, at *3 (C.D. Cal. Aug. 13, 2018) (citing *Grand General Accessories Mfg. v. United Pac. Indus. Inc.*, No. 08-07078 DDP (VBKx), 2009 WL 10672038, at *3 (C.D. Cal. June 11, 2009)).

### III. DISCUSSION

iTouchless argues that simplehuman's complaint should be dismissed because it failed to include the left and rear views of the accused products. iTouchless also argues that the accused products' designs are plainly dissimilar from the designs in the D807 and D485 Patents. The Court first addresses the failure to include all views and then considers the claims for each patent.

#### A. The Complaint Includes Sufficient Views

iTouchless argues, without legal citation, that simplehuman was required to show each view of the accused products compared to the patented design: front, rear, left, right, top, and bottom. simplehuman has shown side-by-side comparisons for each view found in the Asserted Design Patents. *See* FAC ¶¶ 27-28. However, because certain views are mirror images of each other, the Asserted Design Patents do not include the rear or left views and only state that they are mirror images of the front and right views, respectively. *See id.*, Exs. 1, 2. iTouchless argues that those views are *not* mirror images in the accused products, which makes simplehuman's allegations insufficient.

A proper comparison for design patent infringement requires "a side-by-side view of the drawings of the [asserted design patent] and the accused products." *Crocs*, 598 F.3d at 1304. The Court found no cases requiring a specific number of views, particularly where the plaintiff compared every view found in the asserted patent. To the contrary: numerous cases have denied motions to dismiss or granted summary judgment while citing only a few possible views. *See, e.g.*, *id*. (three view comparisons); *Steven Madden, Ltd. v. Yves Saint Laurent*, No. 18-CV-7592 (VEC), 2019 WL 2023766 (S.D.N.Y. May 8, 2019) (two view comparisons); *NuVasive, Inc. v. Alphatec Holdings, Inc.*, No. 18-CV-347-CAB-MDD, 2018 WL 2734881 (S.D. Cal. May 14,

5

2018) (two view comparisons). Accordingly, simplehuman's complaint includes enough views to plausibly allege the overall similarity of the designs.

iTouchless argues that simplehuman's omission of the rear and left views means that it fails to allege the presence of every design patent claim limitation. The Court is not persuaded. First, by including every view found in the Asserted Design Patents, simplehuman adequately alleged the presence of every claim limitation. simplehuman was not required to show every *difference* from the claimed designs, particularly where "minor differences . . . cannot . . . prevent a finding of infringement." *Crocs*, 598 F.3d at 1303. Second, iTouchless's argument implies that plausibility requires an element-by-element comparison. Such comparison, however, is not required under the "ordinary observer" test, which looks at the similarity of the design "as a whole." *Id*.

Accordingly, the Court **DENIES** iTouchless's motion on this ground.

### B. The Complaint Adequately Alleges Infringement of the D807 Patent

Consistent with Federal Circuit guidance, the Court conducts a side-by-side comparison to form an "overall impression" of the similarity between the D807 Patent and the accused products under the infringement analysis. *Crocs*, 598 F.3d at 1304. If the differences between the designs, in light of the prior art and the attention paid by the ordinary observer, render the overall designs "plainly dissimilar," dismissal is appropriate. *Ethicon Endo-Surgery*, 796 F.3d at 1335. However, if an ordinary observer could plausibly be deceived into believing that the accused product has the patented design, a motion to dismiss will be denied.

iTouchless points to multiple differences between the D807 Patent figures and the accused Dual-Deodorizer Oval Open-Top trash can. First among these, while the D807 Patent claims an oval opening and body, iTouchless claims that the Dual-Deodorizer Oval Open-Top trash can is "rectangular with rounded corners," as shown below. Mot. at 14.



Differences in shape are significant in light of the prosecution history. During reexamination, the applicant distinguished the prior art "Hero Bullet" that had round openings by stating that in the D807 Patent, "the body is *oval*, the aperture is *oval*, the flared bands are both *oval*, and the domes cover is *oval*." Dkt. No. 24-2, Ex. 4 ("Request for Supplemental Examination") at 4 (emphases in original). The applicant also distinguished the Yang '817 reference that lacked "upper curvature" and had a "prominent hinge." *Id.* at 10-11. Shown below is the examiner's comparison of the D807 Patent to the prior art "hero bullet." *Id.* at 3.



iTouchless points to several other differences between the D807 Patent and the Dual-Deodorizer Oval Open-Top trash can. These differences include (1) the D807 Patent has "seam lines" (*i.e.*, lines, grooves, or ridges formed by abutment of edges[2]), while the accused trash cans are "seamless," (2) the accused products have slightly thinner and not flared upper and lower bands, (3) the D807 Patent includes cutouts for optional handles, (4) the D807 Patent bands are "flush" with the body, while those in the accused products are not, and (5) the sides of the accused trash cans are not symmetrical because they have a handle on one side. iTouchless's comparison highlighting these differences is shown below. Mot. at 15.



simplehuman responds that these differences are too minor to render the designs as a whole "plainly dissimilar" as a matter of law. The Court agrees with simplehuman. First, the Court is not convinced that the opening of the Dual-Deodorizer Oval Open-Top trash can is not "oval." Although the accused products have slightly squared elongated openings, an ordinary observer may not pay close attention to the difference. simplehuman alleges that iTouchless itself advertises these products as having an "oval open-top" and a "flat oval and lid-free design." FAC ¶ 15. At the motion to dismiss stage, the factual allegations in the complaint are assumed to be

---

[2] *Seam*, Merriam-Webster.com, https://www.merriam-webster.com/dictionary/seam (last visited Oct. 23, 2019).
United States District Court
Northern District of California

1  true, and iTouchless's representations suggest a reasonable observer could find the openings to be

2  oval and mistake them for those in the D807 Patent. *Manzarek v. St. Paul Fire & Marine Ins. Co.*,

3  519 F.3d 1025, 1031 (9th Cir. 2008).

4  The prosecution history does not change the conclusion. The prior art "hero bullet" shows

5  that an ordinary observer may pay more attention to differences between circular and elongated

6  openings. It does not, however, suggest that differences between different types of oval would

7  assume importance. The Yang '817 design also does not suggest that an ordinary observer would

8  attach undue importance to the squared elements of the accused products' openings. The "upper

9  curvature" in Yang '817 refers to the slight elevation of the apertures when viewed from the side,

10  not from the top, as shown in iTouchless's comparison. *See* Request for Supplemental

11  Examination at 10. Thus, the prosecution history does not suggest that an ordinary observer

12  would find the differences in the shape of the openings inordinately significant.

13  Second, several of iTouchless's alleged differences are disputed. simplehuman argues that

14  the handle "cutout" falls outside the claimed design because it is marked off with dash lines. *See*

15  FAC, Ex. 1 at cover page ("All features illustrated in phantom line are expressly disclaimed at

16  form no part of the claimed design."). simplehuman also argues that the alleged "seam lines" are

17  actually contour lines that show the contour of the surface. These questions are properly

18  considered at claim construction, and the Court declines to do so at this preliminary stage. *See*

19  *Nalco Co. v. Chem-Mod, LLC*, 883 F.3d 1337, 1349 (Fed. Cir. 2018) (finding claim construction

20  dispute "not suitable for resolution on motion to dismiss"). simplehuman is entitled to have all

21  inferences drawn in its favor, so the Court does not consider these disputed differences.

22  Third, the remaining differences fail to render the overall designs of the D807 Patent and

23  the accused trash cans "plainly dissimilar." The differences in the flaring, width, and "flushness"

24  of the bands appear to be minor and are barely perceptible in the figures. Although the handle in

25  the accused products renders it asymmetrical, the D807 Patent includes similar handles as an

26  optional feature on the right and left sides. FAC, Ex. 1 at Figs. 2, 5. Since each handle is

27  optional, the claimed design could conceivably include only one handle, which would render the

28  designs asymmetrical.

Overall, iTouchless fails to show that the overall designs for the accused products and the D807 Patent are "plainly dissimilar." Accordingly, the Court **DENIES** iTouchless's motion to dismiss on this ground.

### C. The Complaint Adequately Alleges Infringement of the D485 Patent

iTouchless similarly fails to show that the Dual-Compartment Open Top Trash and Recycle Can and the D485 Patent designs are "plainly dissimilar" to warrant dismissal. iTouchless points to several differences between the Dual-Compartment Open Top Trash and Recycle Can and the D485 Patent design. These differences include: (1) the accused products have asymmetrical and sloped down openings, while the D485 Patent shows beveled, symmetrically square openings that "step" down from the ridges; (2) the center divider in the accused products forms a straight line level with the edges, while the divider in the D485 Patent has an hourglass shape sunk down from the edges; and (3) the accused products allegedly have "seams," a lower band, and sloped sides. Shown below are several of iTouchless's comparisons of the D485 Patent to the accused products. Mot. at 22.



//
//
//

10

//

//

[Figure: Side-by-side comparison of Claimed Design (Perspective Fig. 1) and Accused Product, with annotations:
- Claimed Design: "Center divider surface lower than top" (green), "Surfaces Rounded" (purple), "Many Seams" (red)
- Accused Product: "Center Divider" and "Center divider surface same height as top" (green), "Surfaces form downward sloped Trapezoid" (purple), "Seamless" (red)]

The Court agrees with simplehuman that the designs of the Dual-Compartment Open Top Trash and Recycle Can and the D485 Patent are not "plainly dissimilar" because of these differences. Several alleged differences, including the flatness of the top edge, the flatness of the side panels, and the proportionality of the top caps, are disputed. *Compare* Dkt. No. 31 ("Opp.") at 12:10-14, *with* Dkt. No. 32 ("Reply") at 10:10-15. The Court draws all inferences in favor of the plaintiff and assumes that those differences are not present. The remaining differences do not render simplehuman's claims that the designs are substantially similar implausible.

Accordingly, the Court **DENIES** iTouchless's motion to dismiss on this ground.[3]

---

[3] iTouchless cites several cases where courts appeared to dismiss infringement claims for similar-looking products. None of them alter the Court's judgment. In *OurPet's Company v. IRIS USA, Inc.*, No. 1:14 CV 1642, 2015 WL 12780599, at *3 (N.D. Ohio Mar. 23, 2015), the accused products formed perfect circles for openings, while the patent claimed perfect squares. In *MSA Products v. Nifty Home Products*, 883 F. Supp. 2d 535, 541 (D.N.J. 2012), the accused coffee pod shelves were stacked and each held only three pods, while the patent claimed a single, six-pod shelf. In *Legler v. Exxel Outdoors*, No. 13-cv-668, 2014 WL 3727566, at *4 (E.D. Wis. July 29, 2014), the court expressly noted that plaintiff's images were manipulated to look more similar to the patented design, which did not inherently have the claimed features.

## IV. CONCLUSION

The Court **DENIES** iTouchless's motion to dismiss the design patent claims from the first amended complaint. The Court further **SETS** an initial case management conference for December 3, 2019, at 2:00 p.m. The parties should be prepared to discuss the next steps in this case, including an anticipated schedule. The parties need not submit a further joint case management statement.

**IT IS SO ORDERED.**

Dated: 11/13/2019

HAYWOOD S. GILLIAM, JR.
United States District Judge