UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SIMPLEHUMAN, LLC,<br><br>Plaintiff,<br><br>v.<br><br>ITOUCHLESS HOUSEWARES AND PRODUCTS, INC., et al.,<br><br>Defendants. | Case No. 19-cv-02701-HSG (AGT)<br><br>**ORDER REGARDING DISCOVERY DISPUTES**<br><br>Re: ECF Nos. 59, 75 |

The parties filed a joint discovery letter concerning two disputes: (1) whether iTouchless must respond to simplehuman's Interrogatory No. 15 and (2) the timing of iTouchless' outstanding production of custodian emails. ECF No. 75. During the August 21, 2020 discovery hearing, the Court ordered iTouchless to submit a sworn declaration providing further details regarding its claimed inability to access and search the remaining custodian email files due to its COVID-19-related office closure. ECF No. 78. The Court also permitted simplehuman to file an optional rebuttal declaration. *Id.* Both parties submitted declarations, ECF Nos. 79, 80, and the Court now issues this order as to both disputes.

**A.      simplehuman's Interrogatory No. 15**

simplehuman moves to compel a response to Interrogatory No. 15, which asks iTouchless:

> For each alleged prior art reference that You identified in response to simplehuman's Interrogatory No. 1, describe in detail the bases (if any) for your contention that each prior art reference renders the claim(s) of the Asserted Design Patents invalid, including, but not limited to an element-by-element description of how each reference purportedly anticipates the claim(s), how combinations of references purportedly render the claim obvious, and any other bases under which you contend such references render the claim(s) invalid.

ECF No. 61-3, Ex. 3, at 4. iTouchless objected to this interrogatory as "being excessive" because, according to iTouchless, (1) simplehuman's Interrogatory Nos. 1–14, when counting subparts,

total 31 interrogatories which exceeds the 25 written interrogatory limit under Federal Rule of Civil Procedure 33(a) and (2) Interrogatory No. 15 "contains over at least 100 discrete subparts" because iTouchless identified more than 100 prior art references in response to Interrogatory No. 1.[1]  *Id.* at 5; ECF No. 75 at 4–5.  iTouchless further contends that responding to Interrogatory No. 15 "would be extremely and unduly burdensome."  ECF No. 75 at 5.  simplehuman asserts that its interrogatories do not contain multiple subparts and argues that even if they do, the circumstances justify granting it leave to serve Interrogatory No. 15 because the information sought will "materially narrow and focus the parties' disputes."  *Id.* at 3.  The Court agrees, and finds that even if simplehuman has exceeded the 25 interrogatory limit, requiring iTouchless to respond to Interrogatory No. 15 is warranted here.

"Unless otherwise stipulated or ordered by the court, a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts.  Leave to serve additional interrogatories may be granted to the extent consistent with Rule 26(b)(1) and (2)."  Fed. R. Civ. P. 33(a).  Importantly, "[t]he aim of the [numerical limit] is not to prevent needed discovery, but to provide judicial scrutiny before parties make potentially excessive use of this discovery device." *Protective Optics, Inc. v. Panoptx, Inc.*, No. C-05-02732-CRB (EDL), 2007 WL 963972, at *2 (N.D. Cal. Mar. 30, 2007) (citation omitted); *see also* Fed. R. Civ. P. 1 (stating that the Federal Rules of Civil Procedure "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding"). Interrogatory No. 15 seeks iTouchless' invalidity contentions based on the prior art it has asserted against simplehuman's two design patents.  This information is highly relevant and will advance this litigation by potentially limiting the issues for trial.  *See Protective Optics*, 2007 WL 963972, at *2 ("Although contention interrogatories propounded in the early stages of discovery can be a form of discovery abuse, when served later, as here, they can also be a useful tool to narrow the issues in dispute.").  Moreover, simplehuman cannot efficiently or adequately obtain the requested

---

[1] Interrogatory No. 1 asks iTouchless: "For each of the Asserted Patents that You contend is invalid, identify each prior art reference *You intend to rely on* and the basis for asserting that a particular reference constitutes prior art."  ECF No. 61-1, Ex. 1, at 4 (emphasis added).

information by other fact discovery means.  *See id.* at *2–3 (granting plaintiff's motion to compel defendant to respond to an interrogatory seeking infringement contentions where plaintiff's likelihood of obtaining the information in deposition was doubtful, and noting that "[d]epositions are frequently a more costly discovery tool than interrogatories, and they too are limited in number").  Finally, as to iTouchless' claim of undue burden, the Court is not persuaded.  The breadth of Interrogatory No. 15 is driven, in the first instance, by the breadth of the over 100 prior art references iTouchless identified in response to Interrogatory No. 1.  iTouchless has the power to narrow Interrogatory No. 15 by withdrawing the asserted prior art references it does not actually intend to rely on.[2]  The Court grants simplehuman's request to compel a response to Interrogatory No. 15 and orders iTouchless to answer it within 30 days.

### B. iTouchless' Production of Remaining Custodian Emails

During the August 21 hearing, the Court further developed the record as to iTouchless' purported inability to access and search email files for four remaining custodians and ordered iTouchless to submit a declaration providing additional information so Court could assess an appropriate deadline for completion of iTouchless' production of those emails.  ECF No. 78.  iTouchless CEO Michael Shek subsequently filed a declaration in which he attested that iTouchless "has now installed software to allow remote searching of the email files of the four remaining custodians" and estimated that "the files will be provided to Defendant's counsel for expected production by September 18, 2020."  ECF No. 79 ¶¶ 3–4.  To the extent iTouchless has not completed its production of the custodian emails, it must do so by September 30, 2020.

This order terminates ECF Nos. 59 and 75.

**IT IS SO ORDERED.**

Dated:  September 28, 2020

ALEX G. TSE
United States Magistrate Judge

---

[2] Interrogatory No. 1 required iTouchless to identify only the prior art that it intends to rely on, and during the August 21 discovery hearing, plaintiff's counsel confirmed that simplehuman does not object to iTouchless narrowing its case to rely on fewer prior art references.